UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

AXIS SURRPLUS INSURANCE COMPANY,

                Plaintiff,

         -against-

UNIVERSAL VISIONS HOLDINGS
CORPORATION and JUNIPER LEGEND
CORPORATION

                Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
21-cv-5590 (EK)(CLP)

ERIC KOMITEE, United States District Judge:

         Plaintiff Axis Surplus Insurance Co. seeks a judicial declaration that the Miscellaneous Professional Liability Insurance Policy it issued to the defendant travel agencies does not afford coverage for a series of civil actions in Canada. Axis also seeks to recoup certain moneys already paid in defense of these actions. Following the defendants' Answer, Axis now moves for judgement on the pleadings. For the reasons set forth below, that motion is granted.

## I.   Background

         Axis Surplus Insurance Co. ("Axis"), an insurance company incorporated in Illinois and doing business primarily in Georgia, Am. Compl. ¶ 6, ECF 24, sold an errors and omissions policy (the "Policy") to the defendants, Juniper Legend Corporation ("Juniper Legend") and its parent company, Universal

Vision Holdings Corporation ("Universal Vision"), *id.* ¶ 1.  Both defendants are travel agency companies incorporated in Delaware and based in New York.  *Id.* ¶¶ 6-8.  Defendants sought coverage under this policy for five civil actions filed in Canada (the "Canadian Actions"), *id.* ¶¶ 2-3, as the Policy was in effect when the alleged losses from these actions were incurred, *id.* ¶ 17.  Axis, however, has disclaimed coverage.  *Id.* ¶ 4.

**A.   The Policy**

The Policy at issue covers "any Wrongful Act of the Insured, or someone for whose Wrongful Acts the Insured is legally responsible."  Compl. Ex. A, Policy § I.A.  "Wrongful Act" is defined as "any actual or alleged breach of duty, neglect, act, error, omission, Personal Injury or Breach of Confidentiality committed solely in the performance of the Professional Services . . . of the Insured."  *Id.* § II.V.

At the same time, the Policy contains an exclusion for "any Claim based upon, arising out of or attributable to Bodily Injury or Property Damage" (the "Bodily Injury Exclusion").  *Id.* § IV.B.  I have assessed analogous language in an insurance policy before.  *See Huang & Assoc., P.C. v. Hanover Ins. Co.*, No. 21-CV-4909, 2023 WL 3346761 (E.D.N.Y. May 10, 2023), *appeal dismissed*, No. 23-888, 2023 WL 5675503 (2d Cir. July 5, 2023).

B.    **The Canadian Actions**

Juniper Legend arranged a bus tour of Canada for a group of Chinese nationals.  For transportation, they engaged a third-party bus company and a third-party driver. Am. Compl. ¶¶ 3, 12.  The bus allegedly crashed into an embankment and caused thirty-two hospitalizations and three fatalities.  *Id.* Several victims of the crash, as well as some family members, brought suit against Juniper Legend and Universal Vision (as well as the tour bus company and others), alleging professional negligence in engaging and overseeing the tour bus company, as well as vicarious liability for the tour bus's actions, in some cases.  *Id.* ¶ 9, 15.  These plaintiffs allege a variety of serious injuries, pain and suffering, and in some family-member suits, wrongful death.  *Id.* ¶¶ 12-16.  Between 2018 and 2021, Axis denied coverage in response to a pre-lawsuit demand, and then for the Canadian Actions themselves, under the Bodily Injury Exclusion.  *Id.* ¶¶ 21-23.  They did, however, agree to make defense payments to the Defendants in the Canadian Actions while reserving rights to deny defense and indemnity coverage and recoup any amounts paid under the policy. *Id.* ¶ 29.

## II.  Legal Standard

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  The standard of review for such

3

motions is identical to that for motions to dismiss under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Thus, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).[1] "When a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021).

### III. Discussion

At the heart of this action is the Bodily Injury Exclusion.  The parties do not dispute the events underlying the Canadian Actions or the contents of the Policy in any way relevant to this motion.  *See* Pl.'s Mem. of Law in Supp. Of Mot. for J. on the Pleadings ("Pl.'s Br."); Defs.' Mem. In Opp'n to Mot. for J. on the Pleadings ("Defs.' Br."), ECF 38.  There is similarly no dispute regarding whether the claims at issue would fall within the Policy's coverage, absent the exclusion.  *Id.* Indeed, Axis effectively concedes that the claims allege the Defendants' professional negligence, within the coverage period of the Policy.  *See, e.g.* Pl.'s Br. 3-6; Defs.' Br. 2-4.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Instead, the disagreement centers around the meaning and scope of the exclusion: specifically, on whether the claims in the Canadian Action can be said to be "based upon, arising out of, or attributable to Bodily Injury" or whether the alleged supervisory negligence of the Defendants is conceptually independent from the events causing the victims' injuries. *See* Pl.'s Br. 7-13; Defs.' Br. 6-16. Given the clarity of language in the Policy itself, both parties make their arguments based primarily on legal precedents and principles of contract interpretation. *See id.* Such sources are well within the Court's purview on a motion for judgement on the pleadings. *Neopharm Ltd. v. Wyeth-Ayerst Int'l LLC*, 170 F. Supp. 3d 612, 615 (S.D.N.Y. 2016) ("If the contract is unambiguous, the Court may award judgement on the pleadings, assuming no material facts are in dispute.").

**A.  As This Court has Previously Determined, the New York Court of Appeals Would Apply a But-For Test in Construing the Exclusion at Issue**

In May 2023, this court addressed an insurance dispute that, like the instant case, revolved around the question of whether a given liability fit within an exclusion for claims "arising out of" a particular situation — in that case, willful misconduct. In *Huang & Associates, P.C. v. Hanover Insurance Company*, the underlying loss was alleged to have arisen when a law firm's negligence (in misdirecting a confidential email)

5

facilitated a third-party's intentional fraud.  No. 21-CV-4909, 2023 WL 3346761 (E.D.N.Y. May 10, 2023), *appeal dismissed*, No. 23-888, 2023 WL 5675503 (2d Cir. July 5, 2023).  The law firm sought coverage under an errors and omissions policy when its client sued for negligence and malpractice.  *Id.*  This court held that coverage was properly denied under the policy's exclusion of losses "arising out of" or "relating . . . to" "[a]ny actual or alleged conversion, commingling, defalcation, misappropriation, intentional or illegal use of funds, monies or property . . . ."  *Id.* at *1.

The *Huang* decision wrestled primarily with two New York state precedents: the New York Court of Appeals' decision in *Mount Vernon Fire Insurance Company v. Creative Housing Ltd.*, and the Appellate Division's later decision in *Watkins Glen Central School District v. National Union Fire Insurance Company of Pittsburgh*.  In *Mount Vernon*, the Court of Appeals considered whether an insurance policy provided coverage for a claim against a building owner for negligent failure to maintain safe premises, when a third party assaulted the plaintiff in the building.  88 N.Y.2d 347 (1996).  The policy in that case included an exclusion for claims "based on Assault and Battery."  *Id.* at 350.  First, the court held that "[t]here is no significant difference between the meaning of the phrases 'based on' and 'arising out of' in the coverage or exclusion clauses of

an insurance policy." *Id.* at 352.  Next, the court held that the scope of such an exclusion is governed by a but-for test: "If no cause of action would exist 'but for' the assault, it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other." *Id.* at 353.  The exclusion applies in that case despite the insured's alleged negligence.

In *Watkins Glen*, the Appellate Division declined to apply the *Mount Vernon* but-for test, because the policy at issue was — like the policy here — an errors and omissions policy, rather than a general liability policy, like the one in question in *Mount Vernon*.  286 A.D.2d 48, 74 (2d Dep't 2001).  The issue in *Watkins Glen* was whether exclusions for intentional acts or bodily injury barred coverage for a negligent hiring and supervision lawsuit regarding a teacher's sexual assault of a student.  *Id.*  The *Watkins Glen* court reasoned that the *Mount Vernon* test "would completely undermine the purpose of [] errors and omissions coverage."  *Id.*  Instead, the intermediate court opted to conduct an analysis roughly akin to a proximate cause determination, finding the defendant's alleged negligence to be "conceptually independent" from the intentional act that formed the basis of the exclusion.  *Id.*  The Appellate Division followed this new test notwithstanding the fact that nothing in the *Mount Vernon* precedent framed the but-for test as applying

7

only to the specific type of general liability policy involved in that case.

Therefore, in *Huang*, this court considered the rule in diversity cases that, if the New York Court of Appeals "has not ruled on the issue in dispute," a district court is "bound to apply the law as interpreted by New York's intermediate appellate courts unless it were to find persuasive evidence that the New York Court of Appeals would reach a different conclusion." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023). In so doing, I determined that the *Mount Vernon* decision, unconfined to any particular type of insurance policy, constituted "persuasive evidence" — at least — that the New York Court of Appeals would apply the same but-for test to exclusions in errors and omissions policies. *Huang*, 2023 WL 3346761 at *5-*6. Given that the rule in *Watkins Glen* is difficult, if not impossible, to square with this but-for test, a straightforward application of the *Mount Vernon* ruling was called for. *Id.* at *6-*7.

## B. Policy Considerations Do Not Override the Application of Controlling Precedent

In departing from the Court of Appeals' but-for test, the *Watkins Glen* court invoked a policy argument. The court reasoned that, because errors and omissions policies are

"expressly intended to provide coverage for negligent acts, including negligence in hiring or supervision of employees" application of the *Mount Vernon* test "would effectively eviscerate the errors and omissions policy altogether."  *Watkins Glen*, 286 A.D.2d at 74.  This does not appear to be a valid basis, in New York law, to circumvent binding Court of Appeals precedent.

In *State Farm Mutual Automobile Insurance Co. v. Fitzgerald*, the Court of Appeals reversed the Appellate Division for attempting to distinguish the insurance dispute at issue from a prior Court of Appeals decision based on the type of coverage involved.  25 N.Y.3d 799 (2015).  The Court of Appeals reasoned that, in the prior precedent, the court "never suggested that we were limiting our holding to a self-insurer or situations involving the priority or 'stacking' of coverage" and that it did not make sense that a given phrase would have a certain meaning in one policy context and a different meaning in another.  *Id.*; *see also Century Indem. Co. v. Brooklyn Union Gas Co.*, 74 Misc. 3d 733, 745 (N.Y. Sup. Ct. 2022) ("Even if it were well-taken, . . . this practical objection would be insufficient to overcome binding, on-point precedent."); *cf. Jiannaras v. Alfant*, 124 A.D.3d 582, 586 (2d Dep't 2015), *aff'd* 27 N.Y.3d 348 (2016) ("Although it is within the province of the Court of Appeals to reexamine its earlier precedent and determine whether

a compelling justification exists to overrule [a] precedent
. . ., that right of reexamination is not within [the Appellate
Division's] province. Simply stated, [the Appellate Division]
cannot discount or disregard the Court of Appeals' determination
in [controlling precedent] and, if there is to be any shift in
that precedent, the change in the law is for the Court of
Appeals to pronounce.").

**C.  No New Cases Justify a Departure from the But-For Test
Applied in *Mount Vernon* and *Huang***

        The parties in the instant case have called the
court's attention to a number of newer cases that wrestle with
insurance policy exclusions.  None, however, squarely addresses
the tension between *Mount Vernon* and *Watkins Glen*.  At most,
these cases mention one of the two precedents, without
addressing the other.  *See Scottsdale Indem. Co. v. Beckerman*,
120 A.D.3d 1215, 1219 (2d Dept 2014) (applying *Mount Vernon*
without analyzing *Watkins Glen*); *Am. Auto. Ins. Co. v. Sec.
Income Planners & Co.*, 847 F. Supp. 2d 454 (E.D.N.Y. 2012)
(doing the inverse).

        Nevertheless, several recent cases, from both New York
and out-of-state courts, have performed analyses similar to that
in *Huang* to determine that a given insurance policy exclusion
applies.  *See, e.g.,* Jeffrey Steinberg, *What Your Liability
Insurance Might Be Missing: Coverage from Internet Scams*, N.Y.

St. B.J., October 2023, at 32 (analyzing recent cases); *ROMCO Structural Sys. Corp. v. AXIS Ins. Co.*, 596 F. Supp. 3d 464 (E.D.N.Y. 2022), *appeal dismissed* (Aug. 1, 2022) (holding that an unambiguous exclusion for claims regarding bodily injury applied to employee negligence action); *Kavanagh v. P&C Ins. Co. of Hartford*, No. 612180-2017, 2018 WL 10732990 (N.Y. Sup. Ct. Aug. 10, 2018) (applying exclusion for claims "[a]rising out of" improper use of funds to legal malpractice action); *St. Paul Fire & Marine Ins. Co. v. Llorente*, 156 So. 3d 511 (Fla. Dist. Ct. App. 2014) (finding professional liability policy exclusion for claims "[a]rising out of" the failure to safeguard funds applicable to alleged negligent disbursement claim); *Acct. Res., Inc. v. Hiscox, Inc.*, No. 15-CV-01764, 2016 WL 5844465 (D. Conn. Sept. 30, 2016) (applying exclusion for claims "arising out of" theft or misappropriation to negligence action based on third party fraud); *Att'ys Liab. Prot. Soc'y, Inc. v. Whittington L. Assocs., PLLC*, 961 F. Supp. 2d 367 (D.N.H. 2013) (same). Ultimately, none of the cases identified by the parties or the court changes the analysis in *Huang*.

D. **Applying *Mount Vernon*, Axis is Entitled to Judgment on the Pleadings**

Turning to the instant case, the determinative issue is whether the Canadian Actions can be said to be "based upon, arising out of or attributable to Bodily Injury or Property

Damage." As discussed above, the *Mount Vernon* test asks whether the "cause of action would exist 'but for'" that condition. *Mount Vernon*, 88 N.Y.2d at 406. Each of the Canadian Actions relates to a physical injury allegedly suffered by either the plaintiff or the loved one of a plaintiff, during the Canadian tour bus crash. Compl. ¶¶ 3, 12-16. These claims would not exist "but for" the bodily injuries experienced by the passengers. Defendants' counsel effectively conceded as much. *See* Oral Arg. Tr. 14:1-2, ECF 41 ("I understand that if no one suffered bodily injury, the case would not exist.")

This exclusion applies under *Mount Vernon*, moreover, even though Defendants did not directly cause the bodily injury, but merely allowed such injury to occur through alleged negligence. *Mount Vernon*, 88 N.Y.2d at 406 ("[I]t is immaterial whether the [excluded action] was committed by the insured or an employee of the insured on the one hand, or by a third party on the other.")

Defendants have offered two primary arguments for why this case should be distinguished from *Huang* and *Mount Vernon*, neither of which is availing. First, Defendants note that this case involves the negligence of a third party, layered on top of the Defendants' own alleged negligence, whereas *Huang* and *Mount Vernon* involved a third party's intentional misconduct. Second, the exclusion in this case relates to the type of injury giving

rise to the claim, whereas the exclusions in *Huang* and *Mount Vernon* are keyed to the causes of action themselves, rather than their outcomes.  These are ultimately distinctions without a difference.

Just as *Mount Vernon* did not cabin the application of its "but for" test to certain kinds of insurance policies, it similarly did not limit it to specific kinds of exclusions or fact patterns.  Insurance policies may include various different types of exclusions, including exclusions for certain conduct, causes of action, types of injury, and particular factual circumstances.  *See generally* 31 N.Y. Prac., New York Insurance Law § 15:5 (2023-2024 ed.).  To alter the rules of interpretation for the phrase "arising out of," or its analogues, based on the type of conduct and exclusion at issue would be both untenable and contrary to standard canons of contract interpretation.  *See* 11 Williston on Contracts § 32:6 (4th ed.) ("Generally, a word used by the parties in one sense will be given the same meaning throughout the contract in the absence of countervailing reasons.").  Therefore, distinguishing this case from *Huang* and thus from *Mount Vernon* would mean engaging in the same consequentialist, policy-based reasoning that this court has rejected from the opinion in *Watkins Glen*. Instead, the Bodily Injury Exclusion should be read according to

the rule laid out in *Mount Vernon*, and thusly applied to the facts of this case.

### IV.  Conclusion

For the foregoing reasons, the motion for judgment on the pleadings is granted.

SO ORDERED.


_____/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    March 26, 2024
          Brooklyn, New York